IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| CHARLES WAYNE POU, | )<br>)<br>) |
| Petitioner | ) Case No. 1:19-cv-00346 |
| vs. | )<br>)<br>) |
| | ) RICHARD A. LANZILLO |
| SUPERINTENDENT SCI FOREST,<br>ATTORNEY GENERAL OF<br>THE STATE OF PENNSYLVANIA, and<br>DISTRICT ATTORNEY OF ERIE<br>COUNTY, | ) UNITED STATES MAGISTRATE JUDGE<br>)<br>) MEMORANDUM OPINION<br>) ON PETITION FOR WRIT OF<br>) HABEAS CORPUS [ECF No. 3] |
| | )<br>) |
| Respondents | ) |

MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus filed by Charles Wayne Pou, an inmate at the State Correctional Institution at Forest, pursuant to 28 U.S.C. § 2254. For the reasons that follow, the petition will be granted.[1]

I.   Background

Pou was charged with 18 offenses related to his involvement in an armed robbery in a home. On the first day of his jury trial, Pou expressed his desire to represent himself. The trial court conducted a waiver-of-counsel colloquy. Pou proceeded *pro se* at trial and was convicted of robbery, criminal conspiracy, burglary, possession of an instrument of crime, theft by unlawful taking, receiving stolen property, recklessly endangering another person, unlawful restraint, and terroristic threats. He was sentenced to an aggregate term of 30 to 60 years' imprisonment. He filed a direct appeal and counsel was

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

appointed for purposes of appeal.  The Pennsylvania Superior Court affirmed the judgment of sentence.  *Commonwealth v. Pou*, 121 A.3d 1144 (Pa. Super. 2015) (unpublished memorandum).

Pou filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq.  The PCRA court dismissed the petition.  Pou appealed.  Following proceedings that will be discussed in more detail *infra*, the Pennsylvania Superior Court affirmed the dismissal.  *Commonwealth v. Pou*, 201 A.3d 735 (Pa. Super. 2018); ECF No. 11-5.

Pou subsequently filed the instant petition and brief in support.  ECF Nos. 3, 4.  Respondents filed a response.  ECF No. 11.  Pou filed a traverse.  ECF No. 16.  The petition is ripe for disposition.

II.   Analysis

In his petition, Pou raises one ground for relief: the ineffective assistance of appellate counsel for failure to raise on direct appeal the deficiency of his waiver-of-counsel colloquy.  ECF No. 3 at 7-10.  Pou raised this claim in his PCRA petition, and it was addressed by the Pennsylvania Superior Court in the PCRA appeal.  In its first decision addressing this claim, the Superior Court found that it had arguable merit:

> Here, the trial court conducted an oral colloquy in which [Pou] indicated that he knew the nature and the elements of the charges against him, and that he was aware of the possible range of sentences and maximum possible penalties against him.  However, the trial court did not advise [Pou] of the specific statutory maximum sentences for his crimes in the oral or written colloquy.  Further, the court did not inquire about his age, educational background or basic comprehension skills.  Thus, the court failed to meet the minimum requirements of [Pennsylvania Rule of Criminal Procedure] 121.

*Commonwealth v. Pou*, 145 A.3d 778 (Pa. Super. 2016) (unpublished memorandum); ECF No. 11-3 at 12.

The Superior Court further found:

2

> Here, if direct appeal counsel had raised the issue of the trial court's error of failing to conduct a complete oral colloquy before allowing [Pou] to represent himself, this Court would have vacated his judgment of sentence and allowed him to proceed to a new trial with counsel or with a proper colloquy. *See* [*Commonwealth v.*] *Phillips*, 93 A.3d [847] at 855 [(Pa. Super. 2014)] (holding, on direct appeal, "[i]n light of the...courts' failure to meet the minimum requirements of Rule 121 and to question Appellant on the qualitative aspects of his waiver of counsel at multiple critical stages of the proceedings, we are constrained to vacate the judgment of sentence and remand for further proceedings.")

ECF No. 11-3 at 13-14.

Because no evidentiary hearing had been held on the PCRA petition, however, the Superior Court found it impossible to determine whether Pou's direct appeal counsel "had a reasonable basis for failing to raise an issue that would have resulted in [Pou] having a new trial with the assistance of counsel." *Id.* at 14. Accordingly, the Court vacated the PCRA court's order and remanded the case so the PCRA court could conduct such a hearing. *Id.*

Following the evidentiary hearing, the PCRA court found that Pou's direct appeal counsel had a reasonable strategic basis for failing to raise the defective colloquy issue. ECF No. 11-5 at 5-6. Pou appealed and, in that appeal, the Superior Court disagreed with the PCRA court's conclusion that counsel had a reasonable strategic basis, finding instead that when appellate counsel declined to pursue the claim, the choice was not reasonable or strategic because "it was not adequately informed." *Id.* at 6, 7-11.

However, despite this finding, and despite further finding that there was "no doubt that [Pou] was prejudiced by appellate counsel's failure in that he would have received a new trial on direct appeal," the Superior Court did not grant Pou relief, finding that *Strickland v. Washington*, 466 U.S. 668 (1984), required a greater showing of prejudice.

Because the Superior Court reviewed this claim and rejected it on its merits, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996,

3

standard of review applies to this Court's review of the claim. In relevant part, AEDPA's standard of review prohibits a federal habeas court from granting relief unless the petitioner first establishes that the Superior Court's adjudication of the claim:

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d)(1).[2]

If, when evaluating a claim, the Court determines that the petitioner has satisfied his burden under § 2254(d), the Court must then "proceed to review the merits of the claim *de novo* to evaluate if a constitutional violation occurred." *Vickers v. Superintendent Graterford Sci*, 858 F.3d 841, 849 (3d Cir. 2017) (citing *Lafler v. Cooper*, 566 U.S. 156, 174 (2012)). That is because "a federal court can only grant the Great Writ if it is 'firmly convinced that a federal constitutional right has been violated[.]'" *Vickers*, 858 F.3d at 849 (citing *Williams v. Taylor*, 529 U.S. 362, 389 (2000), and *Horn v. Banks*, 536 U.S. 266, 272 (2001) ("[w]hile it is of course a necessary prerequisite to federal habeas relief that a prisoner satisfy the AEDPA standard of review… none of our post-AEDPA cases have suggested that a writ of habeas corpus should automatically issue if a prisoner satisfies the AEDPA standard[.]")).

In applying § 2254(d)(1), this Court's first task is to ascertain what law falls within the scope of the "clearly established Federal law, as determined by the Supreme Court of the United States[,]" 28 U.S.C. § 2254(d)(1). It is "'the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'" *Dennis v. Sec'y, Pennsylvania Dep't of Corr.*, 834 F.3d

---

[2] Section 2254(d)(1) applies to questions of law and mixed questions of law and fact. Here, Pou's claim presents a mixed question of law and fact and, therefore, the Court applies the standard of review at § 2254(d)(1) to it. *See Jermyn v. Horn*, 266 F.3d 257, 305-06 & n.24 (3d Cir. 2001). Another provision of AEDPA's standard of review, codified at § 2254(d)(2), provides that a petitioner must demonstrate that the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." This provision applies when a petitioner "challenges the factual basis for" the state court's "decision rejecting a claim[.]" *Burt v. Titlow*, 571 U.S. 12, 18 (2013). The standard of review set forth at § 2254(d)(2) is not applicable to this case because the state court's decision on Pou's claim was not premised upon a finding of fact.

263, 280 (3d Cir. 2016) (en banc) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)).  It "includes only 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'"  *White v. Woodall*, 572 U.S. 415, 420 (2014) (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012), which quoted *Williams*, 529 U.S. at 412).

Once the "clearly established Federal law, as determined by the Supreme Court of the United States," is ascertained, this Court must determine whether the Superior Court's adjudication of the claim at issue was "contrary to" that law.  *Williams*, 529 U.S. at 404-05 (explaining that the "contrary to" and "unreasonable application of" clauses of § 2254(d)(1) have independent meaning).  A state-court adjudication is "contrary to … clearly established Federal law, as determined by the Supreme Court of the United States" § 2254(d)(1), "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," *Williams*, 529 U.S. at 405, or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent," *id.* at 406.

Here, the "clearly established Federal law" under which to evaluate Pou's claim is the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on a claim of ineffective assistance under *Strickland*, the petitioner has the burden of establishing that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  *Strickland* also requires that the petitioner demonstrate that he was prejudiced by his counsel's alleged deficient performance.  This requirement places the burden on the petitioner to establish "that there is a reasonable probability that, but for counsel's unprofessional errors," the result of the proceeding "would have been different."  *Id*. at 694.

When the ineffective assistance claim concerns appellate counsel's performance, the required demonstration of prejudice under *Strickland* is a showing of a reasonable probability that, but for counsel's failure, the claimant "would have prevailed on his appeal."  *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000)

(citing *Strickland*, 466 U.S. at 694).[3] As explained below, because the Superior Court did not apply this prejudice standard, its decision was contrary to clearly established Federal law, as determined by the Supreme Court of the United States and, therefore, the Court will review the claim *de novo*.

The Superior Court relied in large part on its interpretation of *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017), in its analysis. In *Weaver*, the United States Supreme Court addressed whether it was necessary for a criminal defendant to show prejudice when asserting a claim of ineffective assistance of counsel for failure to object to a structural error. It is noteworthy that neither party in Pou's case argued to the Superior Court that the error in question was a structural error. ECF No. 11-4. Further, the *Weaver* Court specifically limited its holding to "the context of trial counsel's failure to object to the closure of the courtroom during jury selection." *Id.* at 1907. The application of *Weaver* to this case, which involves neither the closure of a courtroom during jury selection nor a claim of trial counsel's ineffectiveness, was inappropriate.

In *Weaver*, the Court addressed the remedy for violation of structural right. A structural error is one that "'affects the framework within which the trial proceeds,' rather than being 'simply an error in the trial process itself.'" *Weaver*, 137 S. Ct. at 1907 (quoting *Arizona v. Fulminate*, 499 U.S. 279, 310 (1991)). For that reason, such errors are not subject to harmless error standard. *Weaver*, 137 S. Ct. at 1907-08. Thus, if a structural error is objected to at trial or raised on direct appeal, the defendant is generally entitled to an "automatic reversal." *Id.* at 1910. *Weaver* held, however, that when a structural error is raised in the context of an ineffective-assistance claim, *Strickland* prejudice is not shown automatically; prejudice must be shown in these cases as *Strickland* dictates. *Id.* at 1911. Because the claim in *Weaver* concerned

---

[3] Because the Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" *Evitts v. Lucey*, 469 U.S. 387, 392 (1985) (quoting *Griffin v. Illinois*, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, *id.* at 396, the ineffective assistance of counsel standard of *Strickland* applies to a claim that direct appeal counsel was ineffective. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *United States v. Cross,* 308 F.3d 308, 315 (3d Cir. 2002).

trial counsel's ineffectiveness, the Court focused its prejudice analysis on the outcome of the trial.[4] *Id.* at 1912-13.

Again, unlike this case, *Weaver* did not concern appellate counsel's ineffectiveness. Nonetheless, the Superior Court found that "*Weaver* rejects the notion that the prejudice inquiry on collateral review is simply whether [Pou] would have received relief on direct appeal. Instead, he must show prejudice in the *Strickland* sense. … [W]e hold that for the discrete claim of ineffective assistance of appellate counsel for failing to challenge a defective Rule 121 colloquy, the prejudice showing on collateral review requires a showing that the waiver of counsel was constitutionally deficient." ECF No. at 13-14. The Superior Court then found that Pou failed to show the required prejudice because he did not claim that the waiver of counsel was constitutionally deficient, explaining:

> His only complaint is that the waiver of counsel colloquy was defective pursuant to the Rule. That distinction is crucial, and warrants the denial of a new trial on collateral review despite the fact that the exact same claim would have resulted in a new trial on direct appeal without that showing.

*Id.* at 18.

In short, the Superior Court's failed to apply *Strickland*'s prejudice standard when it evaluated Pou's claim. Thus, its decision was "contrary to" *Strickland*. Accordingly, this Court must now review his claim *de novo* to determine if he has satisfied his burden of demonstrating that his appellate counsel was ineffective under *Strickland*.

As set forth above, a successful claim under *Strickland* requires a petitioner to establish that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced by his counsel's deficient performance, *i.e.*, that there is a reasonable probability that, but for counsel's

---

[4] The *Weaver* Court noted that Weaver's trial counsel neither objected to the error at trial nor raised the issue on direct review, 137 S. Ct. at 1905, but the Court made clear that the inaction by counsel at issue was the failure to object at the trial level, not the failure to raise the issue on appeal. *Id.* at 1905, 1907.

unprofessional error, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 688, 694.  Here, as the Superior Court found, the trial court conducted a deficient waiver-of-counsel colloquy, appellate counsel did not raise this error on direct appeal, appellate counsel had no reasonable strategy in failing to do so, and if counsel had raised the error on direct appeal, Pou would have prevailed on the appeal and been granted a new trial.[5]  Under *Strickland*, these findings clearly constitute ineffective assistance of appellate counsel.  Accordingly, Pou is entitled to habeas relief.

III.   Conclusion

Because Pou's Fourteenth Amendment right to effective counsel in his direct appeal was violated and he was thereby deprived of the grant of a new trial in that appeal, the Court will issue a conditional writ of habeas corpus.  The execution of the writ of habeas corpus shall be stayed for a period set forth in the conditional writ Order, within which time the Commonwealth must commence a new trial of Pou.  If the Commonwealth does not commence a new trial within that time, the writ shall issue, and the Superintendent Respondent shall release Pou from custody on the judgment of sentence imposed by the Court of Common Pleas of Erie County at CP-25-CR-00002742-2013.

An appropriate Order follows.

Dated:  November 29, 2021

_____
RICHARD A. LANZILLO
United States Magistrate Judge

---

[5] In their response to the instant petition, Respondents solely rely on the *Weaver*-based rationale of the Superior Court; they do not challenge these findings.  ECF No. 11.